## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

NAGHMA SHAUKAT,

     Plaintiff,

     v.

MID ATLANTIC PROFESSIONALS, INC.,

     Defendant.

Civil Action No. TDC-20-3210

## MEMORANDUM OPINION

Plaintiff Naghma Shaukat filed this civil action against Defendant Mid Atlantic Professionals, Inc. ("MAPI"), alleging discrimination based on national origin and religion, as well as unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e–17 (2018). Pending before the Court is MAPI's Motion to Dismiss. The Motion is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

Shaukat is a Muslim woman of Pakistani national origin who is a citizen of the United States. Shaukat began employment with MAPI as a linguist in Kuwait on or about August 8, 2018. According to the Amended Complaint, while Shaukat was working for MAPI, her supervisor, Vernice Crawford, subjected Shaukat and others to discriminatory statements based on race, religion, and national origin that created a hostile work environment. On February 4, 2019, Shaukat reported this behavior to a higher-level supervisor, then sent a complaint to MAPI's human resources manager on February 6, 2019. On February 7, 2019, Shaukat was informed on a conference call that her employment would be terminated, effective February 15, 2019.

On April 6, 2020, Shaukat filed a charge of discrimination ("the Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). Shaukat filed her initial Complaint in this case on November 4, 2020, followed by an Amended Complaint on December 23, 2020.

## DISCUSSION

In its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), MAPI seeks dismissal on the grounds that Shaukat failed to exhaust administrative remedies by filing a timely charge of discrimination with the EEOC. Specifically, MAPI attaches to its Motion Shaukat's Charge and asks this Court to find that the Charge was filed outside of the 300-day period to file a timely charge of discrimination. Because MAPI argues that Shaukat cannot cure this deficiency, it requests that the Court dismiss her claims. In her memorandum in opposition to the Motion ("Opposition"), Shaukat asserts that her claims should not be dismissed because she satisfied the applicable requirement by filing a pre-charge inquiry form on June 4, 2019. In the alternative, Shaukat argues that equitable tolling should apply to excuse the late filing of the Charge because the delay was due to errors by the EEOC.

## I.      Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

With their briefs, the parties have submitted for the Court's consideration additional documents relating to the issue of exhaustion of administrative remedies. MAPI has attached the Charge to its Motion, and Shaukat has submitted her pre-charge inquiry form and other documents she submitted to the EEOC as part of the process of filing the Charge, as well as an affidavit from an EEOC official ("the EEOC affidavit") and email correspondence that relate to the delay in the processing of the Charge. Courts are permitted to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Courts may also consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). "Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)). Additional documents that fall outside of these exceptions cannot be considered without converting a motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

Here, the Complaint does not address the issue of exhaustion of administrative remedies, so none of the submitted exhibits can be considered either "integral to" or "explicitly relied on in the complaint." *See Zak*, 780 F.3d at 607. However, MAPI argues that the Court may take judicial notice of the Charge because it is a public record filed with a public entity. Where Shaukat has

not objected to the taking of judicial notice of the Charge, the Court will do so. Under the same reasoning, the Court will take judicial notice of the pre-charge inquiry form and the six-page document drafted by Shaukat and found in her EEOC file. The Court declines to take judicial notice of the remaining documents, including the EEOC affidavit, because they were not formally filed with the EEOC and made part of Shaukat's EEOC file.

## II.    Exhaustion of Administrative Remedies

Before filing suit under Title VII, a plaintiff must first exhaust administrative remedies, including filing a charge of discrimination with the EEOC or an appropriate state or local agency within 180 days after "the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The 180-day period is extended to 300 days in states with a state or local agency authorized to grant or seek relief from the discriminatory practices. *See* 42 U.S.C. § 2000e-5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004) (stating that the 300-day deadline applies to states for which "state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency"). Maryland is such a state, and its designated state agency, the Maryland Commission on Human Relations ("MCHR"), has an agreement with the EEOC under which a claim filed with one commission is effectively filed with both. *See* 29 C.F.R. § 1601.74 (designating MCHR as a Fair Employment Practices agency); *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007). Accordingly, Shaukat had 300 days from the date of her termination to file a charge of discrimination with either the EEOC or the MCHR. "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite" to filing a Title VII suit, but rather is "a requirement that, like a statute of limitations, is subject to

waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

In its Motion, MAPI has asserted that the failure to comply with this requirement is grounds for dismissal. MAPI contends that because the alleged unlawful employment practice occurred no later than February 15, 2019, the effective date of her termination, the Charge had to be filed within 300 days after that date, or by December 12, 2019. Accordingly, it argues that Shaukat's April 6, 2020 Charge was untimely, and that this case must therefore be dismissed.

Shaukat does not dispute that her formal Charge was not filed within the 300-day time period but nevertheless advances two arguments as to why she should be deemed to have satisfied Title VII's exhaustion requirement: (1) the pre-charge inquiry form she submitted on June 4, 2019, along with a six-page document found in her EEOC file, constitute a timely-filed "charge"; and (2) in the alternative, equitable tolling applies because the EEOC mishandled her case. Opp'n Mot. Dismiss ("Opp'n") at 7–10, ECF No. 14-1.

## A.    The Pre-Charge Inquiry Form

Title VII does not provide a definition of the term "charge." *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002). The statute, however, identifies certain required elements of a charge. A charge must "contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e–5(b). The EEOC's requirements include that the charge contain: (1) the full name and contact information of both the person making the charge and the person against whom the charge is made; (2) a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices"; (3) the approximate number of employees of the respondent employer, if known; and (5) a "statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced" before

5

a relevant state or local agency.  29 C.F.R. § 1601.12(a).  Nevertheless, a charge can be deemed sufficient if it is "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  *Id.* § 1601.12(b).

A charge must also be "in writing under oath or affirmation."  42 U.S.C. § 2000e-5(b).  However, an unverified document that otherwise constitutes a charge can be cured by a verified, amended charge that relates back to the unsworn charge.  *See* 29 C.F.R. § 1601.12(b).  Finally, to be a "charge," a document must also "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."  *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

Shaukat argues that the pre-charge inquiry form she completed on June 4, 2019 included the necessary information and, when considered along with a six-page document found in her EEOC file, constitutes a "charge" under *Holowecki*.  Opp'n at 7–8.  As reflected in checked boxes and written statements, the unsigned pre-charge inquiry form states that Shaukat believed that on February 15, 2019, MAPI subjected her to discrimination based on race, national origin, and religion and engaged in unlawful retaliation against her.  It states that the mistreatment included bullying and hostility, that Crawford and others were responsible for the mistreatment, and that their explanation for her termination was that the Kuwaiti government denied her a work visa and that she was unable to meet the work requirements.  It also provides an estimate of the number of MAPI's employees.  The six-page document, addressed only to "Dear Sir/Madam," includes a more detailed description of the alleged discrimination.  It includes the statements "This is why I wish to consult with a lawyer" and "I also want to file a complaint with the Equal Employment Opportunity Commission.  The agency can conduct its own review of my report and of what my employer did or not do."  EEOC File at 15–16, Opp'n Ex. 2, ECF No. 14-4.  The document appears

to be a request to an attorney for legal representation, as it concludes by stating, "Kindly let me know if you are willing to take my case." *Id.* at 16.

Even considered together, this collection of documents fails to qualify as an EEOC charge of discrimination sufficient to meet the exhaustion requirement. Though Shaukat's pre-charge inquiry form satisfies several of the requirements of 29 C.F.R. 1601.12(a), it is not verified, and it does not satisfy the *Holowecki* standard that it be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights." *Holowecki*, 552 U.S. at 402. The pre-charge inquiry form contains very limited facts and is not signed. Although Shaukat argues that her April 6, 2020 verified Charge can be deemed to have cured the signature deficiency, it does not cure the fact that the form does not request for the EEOC to act. More importantly, the pre-charge inquiry form states on each page, in capital letters, "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION." Pre-Charge Inquiry at 2–5, Opp'n Ex. 1, ECF No. 14-3. On the final page, the pre-charge inquiry form states: "Please note: You must file a charge of job discrimination within 180 days from the day you knew about the discrimination . . . . **This Pre-Charge Inquiry is not a charge.** If you would like to file a charge of discrimination immediately, contact the EEOC office on the cover letter." *Id* at 6.

This language distinguishes this case from others, cited by Shaukat, in which prior versions of the pre-charge inquiry form were deemed to constitute a charge of discrimination. *See, e.g., Wimbush v. Kaiser Found. Health Plan*, No. TDC-14-0525, 2015 WL 2090654, at *3 (D. Md. May 4, 2015) (finding that an intake questionnaire constituted a charge where "the EEOC explicitly accepted [plaintiff's] Intake Questionnaire as constituting the charge in her case, and no EEOC Form 5 Charge was drafted because the Intake Questionnaire 'satisfied all of the five indicia of a charge, and because [the plaintiff's] allegations were assessed that no further investigation

would be undertaken by the EEOC'"); *Dixon v. Shasta Beverages, Inc.*, No. WDQ-12-0569, 2012 WL 4774808, at *4 (D. Md. Oct. 5, 2012) (finding that an intake questionnaire constituted a charge where the EEOC gave the plaintiff "a Notice of Charge of Discrimination with a charge number and a statement that the Intake Questionnaire 'constitut[ed] a minimally sufficient charge of discrimination'").

Shaukat's pre-charge inquiry form is more similar to the one in *Merchant v. Prince George's Cnty*, 948 F. Supp. 2d 515 (D. Md. 2013), in which the court found that the plaintiff's intake questionnaire did not "explain what relief she is seeking or request any action by the EEOC," and the questionnaire included a disclaimer stating, "REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law." *Id.* at 522. The court found that this disclaimer notified the plaintiff that the "questionnaire itself was not, in fact, a charge." *Id.* As in *Merchant*, the explicit language in Shaukat's pre-charge inquiry form stating that it is not a charge of discrimination, and that other steps need to be taken in order to file such a charge, precludes a reasonable construction of the form as a request that the EEOC take remedial action.

The six-page document, though more detailed, does not alter this conclusion. In *Holowecki*, the plaintiff supplemented an EEOC intake questionnaire with a "detailed six-page affidavit" in which she asked the EEOC to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment." *Holowecki*, 552 U.S. at 405. The Court found that language to properly be "construed as a request for the agency to act." *Id.* Conversely, Shaukat's six-page document is unsigned and undated, and it is not at all clear that it was submitted together with the pre-charge inquiry form. Rather, it reads as a request not to the EEOC, but to an unnamed attorney for the

8

purpose of providing legal representation for a discrimination claim, with a reference to a separate interest in filing a complaint with the EEOC at some unspecified time.  It is therefore not fairly construed as a request to the EEOC for remedial action. *See id.*  The Court therefore concludes that Shaukat has not satisfied the requirement of filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment action.

### B.      Equitable Tolling

Shaukat, however, argues that the Motion must nevertheless be denied because the 300-day requirement should be equitably tolled.  Because filing a timely charge of discrimination with the EEOC "is not a jurisdictional prerequisite," it is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *cf. Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (holding that the failure to comply with a timing requirement imposed on federal employees prior to filing a Title VII claim is an affirmative defense "subject to the same waiver and estoppel principles that govern other affirmative defenses").  Shaukat submits various records in support of her equitable tolling claim, including the EEOC affidavit taking responsibility for losing Shaukat's file.

MAPI argues that the Court may not consider the additional records submitted by Shaukat, including the EEOC affidavit, because the Motion is asserted pursuant to Rule 12(b)(6), under which the Court may consider only the allegations in the complaint and documents integral to it. MAPI further argues that the Court should reject the equitable tolling argument and grant the motion because Shaukat did not include in the Complaint the facts supporting her arguments that she properly exhausted administrative remedies or is entitled to equitable tolling.

Although the Court agrees that it may not consider the EEOC affidavit and related correspondence on a motion to dismiss, *see supra* part I, MAPI's argument that the Court must

9

therefore grant the Motion misconstrues the law. Because administrative exhaustion generally and compliance with the applicable timing requirement specifically are not jurisdictional prerequisites, but affirmative defenses, Shaukat is not required to plead them in the Complaint. *See Zipes*, 455 U.S. at 393; *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Since a motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint, the motion "generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In the "relatively rare circumstances" where the facts needed to rule on an affirmative defense have been alleged in the complaint, the defense may be reached by a motion to dismiss, but only "if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Here, the Complaint, even when considered alongside the Charge, does not allege facts sufficient to demonstrate the applicability of MAPI's defense of a failure to exhaust administrative remedies because the Complaint does not foreclose the application of equitable tolling, particularly where Shaukat has claimed to have facts that would support its application. Thus, if the Court is limited to considering only the four corners of the Complaint and the Charge, it must deny the Motion.

The Court may consider the EEOC affidavit and additional submitted evidence on this issue if it converts the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, though MAPI has now consented to consideration of the Motion as seeking summary judgment on this issue, Shaukat has not so consented. Before converting a motion to dismiss into one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party "must be afforded a reasonable

opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Since MAPI has, up until now, insisted that its Motion was only a motion to dismiss, the notice requirement has not been satisfied. Accordingly, the Court will not construe the motion as one for summary judgment. Without being able to consider factual evidence on the issue of equitable tolling, the Court must deny the Motion.

In the alternative, even if the Court could convert this Motion into a motion for summary judgment, it would not grant summary judgment in favor of MAPI. Equitable tolling has previously been applied when plaintiffs sought to file a charge with the EEOC but were prevented from doing so based on the EEOC's mishandling of their cases. *See, e.g.*, *Baradell v. Bd. of Soc. Servs. Pittsylvania Cnty.*, 970 F. Supp. 489, 492–93 (W.D. Va. 1997); *see also Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 91–92 (4th Cir. 1982). Shaukat has presented an affidavit from the Director of the EEOC's Baltimore Field Office explaining that although Shaukat had submitted her pre-charge inquiry form on June 4, 2019 and had "provided all information for the [EEOC] to complete the formalization and filing of her Charge of Discrimination within 300 days of her termination," the delay in doing so was "caused by unintentional delays by the Baltimore Field Office and were not caused by Ms. Shaukat." Rhodes Aff. ¶¶ 16-17, Opp'n Ex. 3, ECF No. 14-5. Specifically, administrative issues arising from the EEOC's conversion from paper files to electronic files caused the EEOC to lose track of Shaukat's case until January 10, 2020, after the 300-day time period for filing the Charge had expired. To compound the problem, the EEOC had incorrectly entered Shaukat's email address into its computer system, which further delayed its ability to contact Shaukat and finalize the Charge until April 2020. Particularly where Shaukat was not represented by counsel at the time, the EEOC's multiple errors that, by its own admission, caused the delay in the filing of the Charge warrant equitable tolling. Thus, even if the Court were

to construe the Motion as a motion for summary judgment on this issue, it would find that, based on the present record, equitable tolling is warranted and would excuse the late filing of Charge.

## CONCLUSION

For the foregoing reasons, MAPI's Motion to Dismiss, ECF No. 13, will be DENIED. A separate Order shall issue.

Date:  November 30, 2021

THEODORE D. CHUANG
United States District Judge

12